# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1220V
UNPUBLISHED

| | |
|---|---|
| JOSHUA MONNENS<br>*and*<br>ELISABETH MONNENS<br>*on behalf of R.M., a minor child,*<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 15, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Rotavirus Vaccine; Intussusception |

*Glynn Weldon Gilcrease, Jr., Law Office of Glynn W. Gilcrease, Jr., PC, Tempe, AZ, for petitioner.*

*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

A Decision Awarding Damages was previously issued in this case on February 7, 2020. ECF 22. On June 4, 2020, the parties filed a Joint Motion for Relief from Judgment. ECF 25. In the motion, the parties "jointly petition the Court for an order altering the Judgment . . . to modify the form of the award." *Id*. I granted this motion and vacated the prior decision awarding damages in an order dated July 15, 2020. ECF 26.

In the Joint Motion, Petitioners reported that they had encountered difficulties establishing a guardianship for R.M., and "have determined, that they prefer, as an alternative, for respondent to purchase an annuity for the benefit of R.M., payable to R.M. at the time R.M. reaches the age of majority, which would not require establishment of a guardianship." *Id*. Therefore, as noted above and as requested by

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

the parties, the prior decision issued on February 7, 2020 is vacated and withdrawn. This new decision reflects the updated terms agreed upon by the parties in ECF 25.

On August 16, 2019, Joshua and Elisabeth Monnens filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), on behalf of their minor child, R.M. ECF 1. Petitioners allege that R.M. suffered from an intussusception as a result of receiving a rotavirus vaccination on June 11, 2018. *Id*. at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 21, 2019, a ruling on entitlement was issued, finding Petitioners entitled to compensation for R.M.'s intussusception. ECF14. On February 6, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioners should be awarded $50,000.00 as guardians/conservators of R.M.'s estate and $1,029.27, representing compensation for their past unreimbursable expenses. ECF 21. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id*.

However, as noted above, Petitioners have encountered difficulties establishing a guardianship for R.M. ECF 25. Therefore, as requested in the Joint Motion, **I award Petitioners the total amount of $51,029.27 as follows:**

A.  An annuity contract purchased in the amount of $50,000.00 paid to the Life Insurance Company as described in the attached Motion,[3] with the payment payable to R.M. when he reaches the age of majority on February 9, 2036. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which R.M. is entitled; and

B.  A lump sum payment of $1,029.27, in the form of a check made payable directly to petitioners, representing compensation for petitioners' unreimbursed past expenses pursuant to 42 U.S.C. § 300aa-15(a)(1)(B).

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

---

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] *See* ECF 25 at 2-4 (attached) for a detailed description of the requirements for the annuity contract.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                              )
JOSHUA MONNENS and ELISABETH                  )
MONNENS, on behalf of R.M., a minor child,    )
                                              )
                        Petitioners,          )
                                              )        No. 19-1220V **(ECF)**
v.                                            )        Chief Special Master Corcoran
                                              )
SECRETARY OF HEALTH                           )
AND HUMAN SERVICES,                           )
                                              )
                        Respondent.           )
_____)

## JOINT MOTION FOR RELIEF FROM JUDGMENT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix B, Vaccine Rule 36, and RCFC Rule 60(b), the parties hereby jointly petition the Court for an order altering the Judgment in the above-captioned case to modify the form of the award. The Judgment dated March 12, 2020 (ECF Doc. No. 24), directs the Secretary of Health and Human Services ("respondent") to pay compensation to petitioners in the form of the following:

A. A lump sum of **$50,000.00** in the form of a check payable to petitioners, as guardians/conservators of R.M.'s estate; and,

B. A lump sum payment of **$1,029.27**, in the form of a check made payable directly to petitioners, representing compensation for petitioners' unreimbursed past expenses.

Petitioners represent that they have encountered difficulties establishing a guardianship for R.M., and have determined that they prefer, as an alternative, for respondent to purchase an annuity for the benefit of R.M., payable to R.M. at the time R.M. reaches the age of majority, which would not require the establishment of a guardianship. Respondent has no objection.

The parties therefore ask the Court to enter an order relieving the parties of the Court's March 12, 2020 Judgment, and vacating and modifying the Judgment to direct respondent to pay compensation in this case as follows:

A.  An annuity contract purchased in the amount of **$50,000.00 paid to the Life Insurance Company as described below**, with the payment payable to R.M. when he reaches the age of majority on February 9, 2036.  This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which R.M. is entitled.

1.  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

2.  The purchase price of the annuity shall be $50,000.00 paid to the Life Insurance Company, and will be used to fund an annuity payment of $71,726.75 on February 9, 2036, paid to R.M.  In the event that the cost of the annuity payment varies from $50,000.00, the annuity payment to be paid on February 9, 2036, shall be adjusted upward or downward to ensure the total Annuity Premium of the annuity contract

2

shall remain fixed at exactly $50,000.00.  Should R.M. predecease the certain

payment period specified above, any remaining payment shall be made to his

estate.  However, written notice to the Secretary of Health and Human Services and

the Life Insurance Company shall be provided within twenty (20) days of R.M.'s

death.

3.  The annuity contract shall be owned solely and exclusively by the Secretary of

Health and Human Services and will be purchased as soon as practicable following

the entry of this judgment.  The parties agree that the Secretary of Health and Human

Services and the United States of America are not responsible for the payment of any

sums other than the amount set forth herein and that they do not guarantee or insure

the future annuity payment.  Upon the purchase of the annuity contract, the Secretary

of Health and Human Services and the United States of America are released from

any and all obligations with respect to the future annuity payments.

4.  The obligation of the annuity company to make each annuity payment shall be

discharged upon the mailing of a valid check in the amount of such payment to the

address designated by the party to whom the payment is required to be made.

Payments lost or delayed through no fault of the annuity company shall be promptly

replaced by the annuity company, but the annuity company is not liable for interest

during the interim.

5.  The parties stipulate and agree that the annuity payments cannot be assigned,

accelerated, deferred, increased, or decreased by the parties, that no part of any

annuity payments called for herein, nor any assets of the United States or the annuity

company, are subject to execution or any legal process for any obligation in any

2

manner, and that petitioners shall not have the power or right to sell, assign,

mortgage, encumber, or anticipate said annuity payments, or any part thereof, by

assignment or otherwise.

B.  A lump sum payment of **$1,029.27**, in the form of a check made payable directly to

petitioners, representing compensation for petitioners' unreimbursed past expenses

pursuant to 42 U.S.C. § 300aa-15(a)(1)(B).


Respectfully submitted,


s/Glynn W. Gilcrease, Jr.                                                s/ Voris E. Johnson, Jr.

Law Office of Glynn W. Gilcrease, Jr. P.C.          VORIS E. JOHNSON, JR.

4500 South Lakeshore Drive                        Senior Trial Attorney

Suite 368                                             Torts Branch, Civil Division

Tempe, AZ 85282                           U.S. Department of Justice

(480) 897-0990                               P.O. Box 146

Benjamin Franklin Station

Washington, D.C. 20044-0146

Tel.:  (202) 616-4136

Email:  voris.johnson@usdoj.gov


Dated:  June 4, 2020